UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ISAAC PORTERFIELD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )  No. 21-2503-SHM-tmp |
| | ) |
| SHELBY COUNTY JAIL, et al., | ) |
| | ) |
|    Defendants. | ) |

**AMENDED ORDER DISMISSING COMPLAINT IN NO. 21-2503 (ECF NO. 1);
DIRECTING THE CLERK TO MAIL A COPY OF THE DOCKET SHEET TO
PORTERFIELD (ECF NO. 12);
AND DENYING ALL OTHER REQUESTS IN THE PENDING MOTIONS (ECF NOS.
11, 12 & 13)**

On July 30, 2021, Plaintiff Isaac Porterfield filed a *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1.) When Porterfield filed the complaint, he was incarcerated at the Shelby County Criminal Justice Center (the "SCCJC") in Memphis, Tennessee.[1] On October 1, 2021, the Court granted leave to proceed *in forma pauperis*. (ECF No. 8.) On July 19, 2022, Porterfield filed a motion for (1) a protective order and (2) appointment of counsel. (ECF No. 11.) On July 28, 2022, Porterfield filed a motion to (1) file "federal criminal charges" and (2) receive a copy of the docket sheet in the case. (ECF No. 12.) On August 29, 2022, Porterfield filed a motion for (1) the Court to review video evidence and (2) Porterfield's transfer to another correctional facility. (ECF No. 13.)

---

[1] On December 8, 2022, Porterfield notified the Clerk of the Court in writing that Porterfield had been released from confinement. (ECF No. 20.)

The complaint (ECF No. 1) and the three pending motions (ECF Nos. 11, 12 & 13) are before the Court. For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim to relief; (2) the Clerk is DIRECTED to mail a copy of the docket sheet in the case to Porterfield (ECF No. 12); and (3) all other requests in the three pending motions (ECF Nos. 11, 12 & 13) are DENIED.

## I.     BACKGROUND

**A.     Claims**: Porterfield's allegations in No. 21-2503 repeat the claims he alleged in *Isaac Porterfield v. Shelby Cnty. Crim. Justice Ctr., et al.*, No. 21-2528 (W.D. Tenn.) and in *Isaac Porterfield v. Shelby Cnty. Jail, et al.*, No. 21-2529 (W.D. Tenn.) about alleged harassment, assault, "water tampering", "food tampering", "mail tampering", "illegal record[ing]", and "using unclean / infected finger sticks." (*See* No. 21-2503, ECF No. 1 at PageID 2-6; No. 21-2528, ECF No. 1 at PageID 2-4; No. 21-2529, ECF No. 1 at PageID 2-3.) On July 29, 2022, the Court consolidated No. 21-2528 and No. 21-2529. (*See* No. 21-2528, ECF No. 16.)

The complaint in No. 21-2503 alleges several facts about Porterfield's claims of assault and harassment that he did not allege in No. 21-2528 and No. 21-2529. (No. 21-2503, ECF No. 1 at PageID 3.) On August 15, 2024, 2023, the Court (1) consolidated Porterfield's amended claims in No. 21-2528 (No. 21-2528, ECF Nos. 17 & 18 (the "No. 21-2528 CAC")); (2) proceeded Porterfield's (a) claim of excessive force against Summerville in her individual capacity, (b) claim of failure to protect against Jones in Jones's individual capacity, and (c) claim of deprivation of medical care against Summerville and Jones in their individual capacities; and (3) dismissed all other claims in the consolidated amended complaint with prejudice for failure to state a claim to relief. (No. 21-2528, ECF No. 21.)

2

**B.** **Defendants**: In No. 21-2503, Porterfield sues seventy-three (73) Defendants, forty-eight (48) of whom Porterfield sued in No. 21-2528 and No. 21-2529. (ECF No. 1 at PageID 1-2.)

Specifically, Porterfield sues the following Defendants in their official and individual capacities in No. 21-2528, No. 21-2529, and No. 21-2503: (1) the SCCJC; (2) Shelby County Sheriff Floyd Bonner; (3) SCCJC medical department employee Mr. Sander[2]; (4) Dr. O. Webb; (5) Dr. Washington; (6) nurse Ms. Jones; (7) Ms. Christian; (8) Officer D. Climens; (9) Officer S. Jones; (10) Officer D. Jones; (11) Officer Perry; (12) Officer Wilhigt[3]; (13) Lt. Roberson; (14) Officer Ms. Parker; (15) Officer Ms. Summerville; (16) Ms. Luellen; (17) Officer Perkins; (18) Officer Ms. Y. Henning; (19) Officer Ms. Cox; (20) Officer Burns; (21) Officer Rodgers; (22) Officer D. Phillips; (23) Officer Bass; (24) Officer Davis; (25) Officer Cole; (26) Officer Gray; (27) Officer Bradfield; (28) Officer Turner; (29) Officer Roberson; (30) Officer Baker; (31) Sergeant Mathews; (32) Officer J. Gibson; (33) Sergeant Mobly; (34) Officer Bufford; (35) Officer Ms. Martin; (36) Officer Ms. Porter; (37) Lieutenant Ms. Bennet; (38) Officer Cleaves; (39) Captain Mays; (40) Officer M. Green[4]; (41) Chief Ms. Bernett[5]; (42) first-floor inmate

---

[2] The Court construes Porterfield's references to "Mr. Sander" (No. 21-2528, ECF No. 1 at PageID 1-2 & 5) and "Mr. Sanders" (No. 21-2503, ECF No. 1 at PageID 1-2) to refer to the same person.

[3] The Court construes Porterfield's references to "Officer Wilhigt" (No. 21-2528, ECF No. 1 at PageID 1-2 & 5) and "Officer Wilhite" (No. 21-2503, ECF No. 1 at PageID 1-2) to refer to the same person.

[4] The Court construes Porterfield's naming of "Officer M. Green" (No. 21-2528, ECF No. 1 at PageID 1-2 & 5) and "Lieutenant M. Green" (No. 21-2503, ECF No. 1 at PageID 1-2) to refer to the same person.

[5] The Court construes Porterfield's naming of "Chief Ms. Bernett" (No. 21-2528, ECF No. 1 at PageID 1-2 & 5) and Chief Brenet" (No. 21-2503, ECF No. 1 at PageID 1-2) to refer to the same person.

Turner[6]; (43) Shelby County Jail Maintenance Crew;[7] (44) Lt. Ms. A. Reed; (45) Lt. Ms. A. Styles; (46) Captain Ms. Talley; (47) Ms. Luellen; and (48) Sergeant Matthews.  (No. 21-2528, ECF No. 1 at PageID 1-2 & 5; No. 21-2529, ECF No. 1 at PageID 1-2; No. 21-2503, ECF No. 1 at PageID 1-2 & 6-8.)

In No. 21-2503, Porterfield sues twenty-five (25) Defendants in their official and individual capacities who were not sued in No. 21-2528 or No. 21-2529: (1) Nurse Mayfield; (2) Nurse Ms. Jones With Gray Eyes; (3) Dr. Mason; (4) Officer Chanler; (5) Officer Freeman; (6) Officer Ms. Richerson; (7) Officer Fisher; (8) Officer J. Johnson; (9) Officer Smith; (10) Officer Harris; (11) Officer Jackson; (12) DRT / GIU Ross; (13) DRT / GIU Parham; (14) DRT / GIU Gatewood; (15) Chief Jailer Kirk Fields; (16) Sergeant Ms. Brown; (17) Sergeant Ms. Jackson; (18) DRT Halliburton; (19) DRT L. Elliott; (20) DRT Strwrad [sic]; (21) Sergeant Morning; (22) Captain Ms. Auston; (23) GRI Ms. Byers; (24) Lieutenant Ms. Peppers; and (25) Lieutenant Mays.  (No. 21-2503, ECF No. 1 at PageID 1-2 & 6-8.)

---

[6] The Court construes Porterfield's naming of "Inmate Tunner" (No. 21-2528, ECF No. 1 at PageID 1-2 & 5) and "Inmate Turner" (No. 21-2503, ECF No. 1 at PageID 1-2) to refer to the same person.
  "A § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999).  "In order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state."  *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997).  Like the complaint in No. 21-2528, Porterfield's complaint in No. 21-2503 does not allege facts demonstrating that fellow SCCJC inmate Turner acted under color of state law and, for that reason, could be considered a state actor subject to liability under § 1983.  Porterfield alleges no facts demonstrating that Tunner exercised powers traditionally reserved to a state during the events alleged in the complaint.  *See Jackson v. Metro Edison Co.*, 419 U.S. 345, 352 (1974).

[7] Collective liability -- *i.e.,* when claims are brought against persons such as a "crew" -- is not permitted under § 1983.  A group of people is not a "person" subject to suit pursuant to § 1983. *See, e.g.,* No. 21-2503, ECF No. 1 at PageID 5 ("[The] Medical Department … has been padding false med. documents to my med. history to try and cover their action tampering with my health by using unclean / infected finger sticks to ch[eck] my bl[ood] sugar"); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006); *Arty v. Wilson Cnty. Jail*, No. 19-cv-0309, 2019 WL 4748321, at *2 (M.D. Tenn. Sept. 30, 2019).

4

Porterfield seeks: (1) fifty-nine million one hundred and ten thousand dollars ($59,110,000.00) in damages; (2) criminal charges against the Defendants; and (3) termination of the Defendants' employment. (No. 21-2503, ECF No. 1 at PageID 6-8.)

II. **SCREENING OF THE COMPLAINT**[8]

A. **CLAIMS OF (1) UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT, (2) VIOLATION OF PORTERFIELD'S RIGHT TO RECEIVE MAIL, (3) VIOLATION OF PORTERFIELD'S RIGHT TO PRIVACY, (4) EXCESSIVE FORCE, AND (5) FAILURE TO PROTECT**

The Court liberally construes the complaint in No. 21-2503 to allege claims of (1) unconstitutional conditions of confinement, (2) violation of Porterfield's First Amendment right to receive mail, (3) violation of Porterfield's right to privacy, (4) excessive force, and (5) failure to protect – the same claims alleged in No. 21-2528 and No. 21-2529. (No. 21-2503, ECF No. 1 at PageID 3-6; No. 21-2529, ECF No. 1 at PageID 2-3; No. 21-2528, ECF No. 1 at PageID 2.) For the reasons explained below, the complaint in No. 21-2503 does not allege facts that alter the 21-2528 Screening Order's conclusion about Porterfield's claims.

1. *Conditions Of Confinement*: Speculative assertions of food tampering, *see* No. 21-2503, ECF No. 1 at PageID 3-6, are not sufficient to support a constitutional claim. (*See* No. 21-2528, ECF No. 12 at PageID 92 (citing, *inter alia*, *Association of Cleveland Firefighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).)

2. *Right To Receive Mail*: Porterfield makes no allegations from which to infer that any Defendants tampered with his mail. (No. 21-2503, ECF No. 1 at PageID 4.) (*See* No. 21-

---

[8] The legal standard for screening complaints under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"), and the requirements to state a claim under § 1983, are set forth in the 21-2528 Screening Order and are not restated here. (No. 21-2528, ECF No. 12.)

2528, ECF No. 12 at PageID 93 (citing *Mayes v. Rodela*, No. 20-0057, 2021 WL 3439412, at *2 (M.D. Tenn. July 15, 2021).)

    3.    *Right To Privacy*:  Porterfield's vague allegation about being improperly recorded in his cell lacks supporting factual allegations.  (No. 21-2503, ECF No. 1 at PageID 4.)  (*See* No. 21-2528, ECF No. 12 at PageID 92 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).)

    4.    *Excessive Force*:  Porterfield alleges that Luellen and Summerville "assaulted" Porterfield "while out on rec[reation]."  (ECF No. 1 at PageID 3 (the "Recreation Incident").)  Porterfield next alleges that "Summerville was witness to the assault" that occurred during the Recreation Incident, and that Luellen hit Porterfield's mid-section with keys near "3 cell" during the Recreation Incident.  (ECF No. 1 at PageID 3.)  Like the complaint in No. 21-2529, the complaint in No. 21-2503 alleges that Summerville assaulted Porterfield "on another day" as Porterfield exited the shower.  (*Id*. (the "Shower Incident").)

Porterfield's allegations in No. 21-2503 do not describe the facts about the circumstances of the Recreation Incident and Shower Incident, such as: which types of force were used by Luellen during the Recreation Incident and the Shower Incident; whether the SCCJC was under a safety or security alert at the pertinent times; or whether Porterfield resisted verbal commands from Luellen or other SCCJC personnel prior to or during the Recreation Incident and the Shower Incident.  There are no factual allegations in the complaint in No. 21-2503 from which to infer plausibly either that (a) Luellen's alleged forces during the Recreation Incident and Shower Incident were not "a good-faith effort to maintain discipline" or (b) Luellen's forces were applied "maliciously and sadistically to cause harm."  *See Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014); *see*

*also* No. 21-2529, ECF 14 at PageID 113-14. The complaint in No. 21-2503 fails to allege sufficient facts demonstrating a claim of excessive force against Luellen.

5. *Failure To Protect*: As to Shower Incident, the Porterfield does not allege facts in No. 21-2503 that amplify his failure-to-protect allegations against Jones in No. 21-2528 and No. 21-2529 about the Shower Incident. (*See* No. 21-2528, ECFR No. 21 (proceeding, *inter alia*, Porterfield's claim of failure to protect against Jones in Jones's individual capacity).)

As to the Recreation Incident, Porterfield does not allege facts demonstrating Summerville and Luellen's supposed failure to intervene in the Recreation Incident placed Porterfield at a substantial risk of harm. There are no facts in the complaint from which to infer plausibly that: (a) Porterfield's "assault[] by officers" during the Recreation Incident actually caused serious harm to Porterfield; (b) Summerville and Luellen were present for all, or a portion, of the Recreation Incident; (c) Summerville and Luellen should have been aware that Porterfield would be assaulted during the Recreation Incident; or (d) Summerville and Luellen deliberately and recklessly failed to stop the assault on Porterfield during the Recreation Incident.

The complaint in No. 21-2503 fails to allege sufficient facts demonstrating a failure-to-protect claim to relief.

### B. CONCLUSION

The complaint in No. 21-2503 alleges no new or different facts that alter the 21-2528 Screening Order's conclusions about Porterfield's claims of (1) unconstitutional conditions of confinement, (2) violation of Porterfield's First Amendment right to receive mail, (3) violation of Porterfield's right to privacy, (4) excessive force by Summerville and Jones, and (5) failure-to-protect by Summerville and Jones.

### III. THE PENDING MOTIONS

A.     **JULY 19, 2022 MOTION**

On July 19, 2022, Porterfield filed a motion for a protective order against the Defendants and for appointment of counsel. (ECF No. 11 (alleging Porterfield needs counsel because Porterfield does not "understand[] the law (really anything about what I'm doing)").)

Porterfield's request for a protective order seeks relief he has sought before and is DENIED for the reasons previously explained. (*See* No. 21-2528, ECF No. 12 at PageID 95-96; No. 21-2529, ECF No. 14 at PageID 117).

Porterfield's request for appointment of counsel is DENIED. "The appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). Porterfield's lack of formal legal training does not constitute exceptional circumstances for purposes of appointment of counsel. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2 (6th Cir. June 23, 2000) ("The district court had no duty to remedy [Plaintiff's] lack of legal training by appointing counsel, as no constitutional right to counsel exists in a civil case") (citing *Lavado*, 992 F.2d at 605-06). Porterfield has filed numerous pleadings and motions in No. 21-2503, as well as in No. 21-2528 and No. 21-2529. It appears that Porterfield can prosecute his cases.

B.     **JULY 28, 2022 MOTION**

On July 28, 2022, Porterfield filed a motion "for the Court to reach out to federal law enforcement authorities and inform them of [the Defendants'] illegal activity" that allegedly interferes with Porterfield's efforts to send mail and allegedly videotapes Porterfield. (ECF No.

12 at PageID 108.) Porterfield wants to "fil[e] federal criminal charges against whomever is responsible." (*Id*.)

Porterfield's request for the Court to refer Porterfield's criticisms about alleged conditions of confinement to federal law enforcement is DENIED for the reasons previously explained. (*See* No. 21-2528, ECF No. 12 at PageID 95-96.)

Porterfield's request to file criminal charges against those allegedly responsible for "illegal activity" is DENIED because the relief Porterfield seeks is not available. The First Amendment right of access to the courts does not encompass a right of access to the criminal courts or to initiate a prosecution. *Mooneyhan v. Hawkins,* No. 96-6135, 1997 WL 685423 at *7 (6th Cir. Oct. 29, 1997) (citing *Linda R.S.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. at 619. The Court cannot compel the Shelby County District Attorney or the United States Attorney to commence a criminal investigation or to file criminal charges against the Defendants or others. Prosecutors, not judges, are authorized to institute criminal proceedings. *See Ballard v. Riley*, No. 05-1034, 2005 WL 1130024, at *3 (W.D. Tenn. May 6, 2005).

Porterfield's request for a copy of the docket in the case (ECF No. 12 at PageID 108) is GRANTED, and the Clerk is DIRECTED to mail a copy of the docket sheet to Porterfield.

C. **AUGUST 29, 2022 MOTION**

On August 29, 2022, Porterfield filed a motion asking the Court to: (1) "recover" and "review" video evidence of the SCCJC's "first floor hallway and the inside of the first floor B pod on July 19-22, 2022"; and (2) transfer Porterfield to another correctional facility. (ECF No. 13.)

9

Porterfield's request about video evidence is construed as a request for issuance of a third-party subpoena to the SCCJC for videotape that is allegedly relevant to Porterfield's claims in the case. Porterfield's request is DENIED. Porterfield's complaint fails to pass PLRA screening and is being dismissed. To the extent Porterfield asks the Court to rely, for purposes of screening, on the Court's review of material outside the complaint, Porterfield's request is not well taken. Porterfield must allege his § 1983 claims and supporting factual allegations in a "short and plain statement" that complies with Fed. R. Civ. P. 8.

Porterfield's request for a facility transfer is DENIED as moot. Porterfield has been released from custody. (*See* ECF No. 14.)

## IV.    CONCLUSION

For the reasons explained above:

A.    No. 21-2503 is DISMISSED and will not proceed. The Clerk shall mark No. 21-2503 CLOSED;

B.    Porterfield's (1) claim of excessive force against Summerville in her individual capacity and (2) claim of failure to protect against Jones in Jones's individual capacity are DISMISSED WITHOUT PREJUDICE and will proceed in No. 21-2528;

C.    All other claims in this case are DISMISSED WITH PREJUDICE, for (1) failure to state a claim to relief, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and (2) the reasons set forth in the Court's screening order dated August 15, 2024 in No. 21-2528. Leave to amend Porterfield's claims in this case is DENIED because: (1) Porterfield has alleged those claims in the No. 21-2528 CAC; and (2) the Court has already screened those claims under the PLRA. (No. 21-2528, ECF No. 21.); and

D.      The Clerk is DIRECTED to mail a copy of the docket sheet in this case to Porterfield (*see* ECF No. 12). All other requests in the three pending motions (ECF Nos. 11, 12 & 13) are DENIED.

IT IS SO ORDERED, this 17th day of September, 2024.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE